*AT A CIRCUIT COURT, AT CHAMBERS-
BURGH, OCTOBER, 1803.

CORAM, YEATES AND SMITH, JUSTICES.

## Lessee of John Crunkelton, Joseph Crunkelton and Mary Brotherton *against* William Evert and James Wishart.

Ejectment may be maintained by the heirs of surviving trustee, not adverse to the interest of the *cestui que trust.*
Every presumption is in favour of an ancient possession.

EJECTMENT for 250 acres of land in Antrim township.

It appeared in evidence that Joseph Crunkelton and James Thompson obtained letters of administration on 3d May 1749, on the estate of William Brown, and on the 10th October 1750, paid 7l. 10s. into the receiver general's office, for 150 acres of land in Antrim township, (held by the said Brown in his life time by improvement,) to be surveyed for the children of the said Brown, and on the same day took out a warrant for the same lands, as administrators of Brown.

A survey of 250 acres and 68 perches and allowance was made hereon by John Armstrong, D. S. on 2d January 1769. Thompson died and Crunkelton survived him, who afterwards died, leaving the lessors of the plaintiff his children.

A question being made, whether the heirs at law of the surviving trustee could maintain this ejectment, the court were clearly of opinion that they might, they having the legal title in them, and the suit not being adverse to the interests of the *cestui que trust.* It is in fact so determined in Kennedy *v.* Fury, 1 Dall. 72.

But the defendants producing a bond from Crunkelton and Thompson to Bartholomew and Thomas Grogan, dated 21st July 1750, reciting that they had sold these lands to the obligees for 104l., and that they had received 15l. in hand and bonds for the residue. The court said, that every legal presumption was against the plaintiff, after so great a lapse of time, even if he could produce the bonds uncancelled.

Plaintiff nonsuit.

Messrs. Duncan and Riddle, *pro quer.*

Messrs. Hamilton and Bowie, *pro def.*

Cited in 1 W. & S. 56 to show that it is only where it is proper that a trustee should have the possession of the trust property for the purpose of enabling him to execute the trust, in the manner prescribed by the deed declaring it, that he can resist the claim of the *cestui que trust.*